UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL JOSE PEREZ,<br><br>        Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Case No. 08cr3827 JAH<br><br>**ORDER REQUIRING RESPONSE FROM PETITIONER REGARDING REQUEST TO MODIFY SENTENCE** |

Raul Jose Perez, a convicted defendant (hereafter "Petitioner") submitted a letter to this Court dated June 21, 2010. In the letter, Perez asks this Court, the sentencing court, review his case and reconsider the sentence imposed. It appears Petitioner seeks to have his sentenced modified. A convicted defendant who is still in federal custody like Petitioner may move to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

This Court may construe the letter as a motion to modify the sentence pursuant to section 2255, however, such construction should not be invoked to disadvantage the petitioner. See United States v. Seesing, 234 F.3d 456 (9th Cir. 2000). The Ninth Circuit in Seesing recognized that under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the opportunity to file successive motions under section 2255 is strictly limited. Id. The AEDPA amended 28 U.S.C. § 2255 by providing for a **one-year limitation** period for prisoners to file motions under section 2255. The section states, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> * * *
>
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. As a result of AEDPA and the potential detrimental effects to Petitioner, this Court is required to give Petitioner the following options prior to construing his request as a motion under section 2255 and to advise him of the consequences of choosing those options. See Seesing, 234 F.3d at 464.

**PETITIONER'S OPTIONS**

**Option 1**: Consent in writing to this Court ruling on his motion.

Petitioner may inform the Court of his desire to have the Court construe his motion as a motion under section 2255 and rule on the merits of his motion. To do so, Petitioner should file a pleading with this Court entitled: "*Consent to recharacterization of request as a motion under § 2255.*" The Court will then set a briefing schedule and proceed to rule on the merits of the section 2255 motion.

**Option 2**: Withdraw the instant motion and file an all-inclusive § 2255 motion.

Petitioner may withdraw the instant motion and refile an all-inclusive section 2255 motion at a later date which contains all issues that he wishes to raise. If Petitioner

chooses Option 2, he must file a pleading with this Court entitled: "*Notice of withdrawal of § 2255 motion.*"

Petitioner is cautioned that under either Option 1 or Option 2, he must also comply with the 1-year limitation period set forth above.

**CONSEQUENCES OF PETITIONER'S ACTIONS**:

<u>Consequences of selecting Option 1</u>: If Petitioner elects to proceed to the merits of his section 2255 motion by filing a "*Consent to recharacterization of request as a motion under § 2255,*" this Court will rule on Petitioner's motion.  **However, the Court cautions Petitioner that if he chooses this option this would be his <u>one</u> opportunity to file a motion under section 2255 without being required to obtain permission from the court of appeals as set forth above.**  Petitioner should be especially cautious of ensuring that all bases for modifying or correcting his sentence are set forth in his pleadings.

<u>Consequences of selecting Option 2</u>: If Petitioner elects to withdraw the instant motion the Court will not rule on the section 2255 motion at this time.  Petitioner will be permitted to include the claims presented in the instant section 2255 motion in an all-inclusive section 2255 motion filed at a later date.  **However, the Court cautions Petitioner that he must file the all-inclusive section 2255 motion within the applicable statute of limitations set forth above.  If Petitioner fails to timely file his all-inclusive section 2255 motion within the statute of limitations, he will be required to seek permission from the court of appeals as set forth above.**

**CONCLUSION AND ORDER**

Based on the foregoing, and good cause appearing, the Court hereby **NOTIFIES** Petitioner of the options set forth above.  IT IS HEREBY ORDERED Petitioner shall reply to this Order by selecting one of the options set forth above and filing the proper pleading **no later than January 21, 2011**.

DATED:  December 3, 2010

_____
JOHN A. HOUSTON
United States District Judge