UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>RAUL JOSE PEREZ,<br><br>                              Defendant. | Case No.: 08cr3827-01-JAH<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [Doc. No. 76]** |

**INTRODUCTION**

Pending before the Court is Defendant Raul Jose Perez's (hereinafter, "Defendant") motion to reduce his sentence of imprisonment in light of the increasing risks to health that the coronavirus disease ("COVID-19") poses to incarcerated persons and Defendant's underlying health conditions. *See generally* Doc. Nos. 76, 80. Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *Id.* Having carefully considered the pleadings, and for the reasons set forth below, Defendant's motion is **GRANTED.**

**BACKGROUND**

On October 10, 2008, Defendant was charged with three counts of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). On November 6, 2008, the Court arraigned Defendant on a one count information that charged

1

him with Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1). On December 9, 2008, the Court arraigned Defendant on and took his guilty plea to a superseding information, which added a count of Possession of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c).

At the time of sentencing, Defendant had five criminal history points and was in Criminal History Category III. Due to his prior conviction and active warrant for probation violation, Defendant was not safety-valve eligible. Defendant's guideline range was 120-135 months. On April 5, 2010, the Court sentenced Defendant to 120 months, the mandatory minimum. As required by law, the Court sentenced Defendant to 60 months on the § 924(c) charge, consecutive to the 120 months imposed on the § 841(a)(1) charge, for a total sentence of 180 months.

On February 25, 2021, Defendant filed his *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release). *See* Doc. No. 76. Defendant subsequently filed a supplement to his *pro se* motion for compassionate release through his attorney on March 24, 2021. *See* Doc. No. 80. Defendant points to the combination of his age, deteriorating medical condition, and time already served as an extraordinary and compelling circumstance for why this Court should grant his motion for compassionate release. *Id*. On March 31, 2021, the United States of America (hereinafter, "Government") filed a Notice of Non-Opposition to Defendant's motion for compassionate release. *See* Doc. No. 81.

## **LEGAL STANDARD**

Under § 3582, as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may modify a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Upon such a motion, a court may modify a defendant's sentence "after considering the factors set forth in § 3553(a) to the extent

applicable" if it finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A)(i). The relevant Sentencing Commission policy statement sets forth several "extraordinary and compelling reasons." U.S.S.G. § 1B1.13(1)(A) & cmt. 1. The Commission also requires the defendant not pose a danger to the safety of the community as provided in 18 U.S.C. § 3142(g). *Id*. § 1B1.13(2).

## DISCUSSION

Defendant seeks review of his sentence under § 3582(c). He has exhausted his administrative remedies.

### a. Extraordinary and Compelling Reasons

To be eligible for compassionate release, Defendant must demonstrate that "extraordinary and compelling reasons" warrant such a reduction and that the reduction is "consistent [with] applicable policy statements" issued by the U.S. Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Although the statute does not define "extraordinary and compelling circumstances," the U.S. Sentencing Commission has identified four categories of situations that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. 1B1.13, application note 1(A). In application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release for a medical condition provides as follows:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required[.]
> (ii) The defendant is—
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

United States Sentencing Guidelines, Application Notes, § 1B1.13(1)(A). Finally, the note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

Relevant to the Court's analysis, as reported in his motion and BOP medical records, Defendant is currently 68 years old and suffers from numerous medical conditions.[1] However, Defendant cites end stage renal disease as his most serious illness, for which he receives dialysis three times per week. *See* Doc. No. 80. Indeed, the BOP characterizes Defendant's illness as a "deteriorating medical condition," and based on Defendant's medical history, suggests he may have a "steeper than average end-of-life trajectory." *See* Doc. No. 80, Exhibit B, p. 2. In its non-opposition, the Government also posits extraordinary and compelling reasons exist independent of the threat of COVID-19 illness because end stage renal disease is a terminal illness that meets the definition under § 1B1.13, cmt. n.1(A)(i). *See* Doc. No. 81. Accordingly, the Court finds Defendant's age and underlying medical conditions qualify as extraordinary and compelling reasons to reduce his sentence that are consistent with the Guidelines' policy statement.

### b. Factors Under 18 U.S.C. § 3142(g)

Even where extraordinary and compelling reasons exist, the district court must consider whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(1)(A), (2), cmt. n. 1. To make this assessment, the Court is directed to the factors set out in § 3142(g), including, among other things: (1) the nature and circumstances of the offense charged; (2) the history and characteristics of the person, including character, physical and mental

---

[1] Defendant lists the following active medical conditions: "vitamin D deficiency; hyperlipidemia (high cholesterol); polyneuropathy in diabetes (nerve damage from diabetes); high blood pressure; asthma, end stage renal disease; secondary hyperparathyroidism (of renal origin); tinea pedis (athlete's foot); tinea unguium (fungal infection of the toenails and fingernails); anemia; type 2 diabetes; hyperkalemia (low potassium); transient cerebral ischemic attack; retinopathy; gastroesophageal reflux disease; constipation, hemorrhoids, osteoarthritis of hip; low back pain; trigger finger; localized swelling, mass and lump, or the lower limb, and abnormalities of gait and mobility." *See* Doc. No. 80; *see also* Exhibit A, pp. 1-6.

condition, family ties, employment, financial resources, past conduct, criminal history, and drug and alcohol abuse; and (3) the nature and seriousness of the danger to any person or the community that release would impose.

Here, the offenses of possession of methamphetamine with intent to distribute and possession of a firearm in relation to a drug trafficking crime are undoubtedly serious. Defendant also has a criminal history spanning much of his adult life. However, Defendant and the Government both assert that Defendant is not a danger to the community at this time because of his physical condition and BOP classification as a low security risk. *See* Doc. No. 80, Exhibit C, p. 4; *see also* Doc. No. 81. Further, Defendant's release plan to reside with his wife and son was approved by the BOP and ICE has rescinded the immigration detainer to allow for Defendant to remain in the country following his release. *See* Doc. No. 80, Exhibit B, p. 3-4; Exhibit C, p. 2. Accordingly, the Court determines Defendant's release from custody is appropriate.

    **c. § 3553(a)**

Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary, ... (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2)(A)-(D). The sentencing court is also directed to consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" Id. § 3553(a)(1), (6).

Defendant contends he has shown good behavior and reformed himself over the last 12.5 years in custody, and thus the remaining § 3553(a) factors favor a sentencing reduction and early release. *See* Doc. No. 80, p. 15. The Government concurs, but asks that the

Defendant be ordered to serve the remainder of his original term of imprisonment under home confinement, and that Defendant serve his five year term of supervised release originally imposed by the Court, with all conditions to remain the same. *See* Doc. No. 81, p. 5.

The Court has considered the § 3553(a) sentencing factors and finds that these factors are in Defendant's favor. Defendant has already served approximately 80% of his overall sentence, which reflects the custodial sanction to date has adequately addressed the seriousness of Defendant's offense and adequately deters similar criminal conduct. The Court also recognizes the support Defendant has from his wife and son to assist in his adjustment to a law-abiding life.

The Court orders the remainder of Defendant's sentence, until August 3, 2021, shall be served by way of home confinement. Defendant shall complete a 14-day quarantine period and obtain a medical clearance from the BOP that he is not infected with COVID-19 prior to his release. Defendant's original term of supervised release is hereby MODIFIED to five (5) years of unsupervised release. This, in conjunction with five years of unsupervised release, will serve as a deterrent to future criminal conduct and provide fair and reasonable punishment.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED the Motion for Compassionate Release is **GRANTED**.

**IT IS SO ORDERED.**

DATED:   April 27, 2021

_____
Hon. John A. Houston
United States District Judge